CLARK vs. OAKLEY'S ADM'R & CLARK.

The statute which provides that a judgment shall be affirmed, where the transcript is not filed in this Court, at least ten days before the term to which the appeal is taken, applies only to cases where a recognizance is given, and the judgment suspended.

The appellee cannot wait until the appellant has filed his transcript, and then move upon that, to affirm. He must procure the certificate of the Clerk below.

Under the territorial statutes, a party could not, at law, impeach the consideration of a sealed instrument. If entitled to relief, he was compelled to resort to a court of equity.

If the material allegations in the bill are denied in the answer, they must be established by competent and direct evidence.

Where a record is appealed to in the bill for proof of a fact, that fact cannot be established by oral testimony ; and, if the complainant fails to produce the record, the presumption is, that it would have disproved the allegations in the bill.

In Chancery, tried in April, 1840, in Hempstead Circuit Court, before the Hon. WILLIAM CONWAY B., one of the Circuit Judges.

On the 13th of June, 1834, John Clark and Allen M. Oakley filed their bill. They alleged that, in 1826, they borrowed of Jesse Shelton $1500, for which they gave their note or obligation, which, in the spring of 1827, came into possession of Benjamin Clark, the defendant, by assignment or otherwise, and was, by them, about the 8th of March, 1827, paid off to B. Clark, by their assigning to him three bonds, dated September 19, 1826, executed by M. W. Edwards and Thomas Carr, payable to Clark & Oakley, amounting, together, to $730, besides interest, which were received by B. Clark in payment of so much of their note to Shelton, no more being then due on it, they having before paid to B. Clark all the note, except that amount: that their note was given up to them by B. Clark, at the time, and cancelled.

That Clark kept the obligations of Edwards and Carr, until September 22, 1828, when he falsely and fraudulently represented to them that Edwards and Carr were insolvent, and unable to pay, and had not paid, their obligations, or any part of them; and complainants, on his request, then cancelled the assignment of, and received back, the obligations, then amounting, with principal and interest, to $826 86 cents. Deducting from this $52 10, due them by Clark, they

gave him their joint and several bond, for the residue, $774 56, of that date, payable on demand.

That, after this, they brought three suits against Edwards and Carr, on the obligations so returned, in Hempstead Circuit Court, to December term, 1828, which three suits were consolidated at September term, 1829. That Carr then pleaded payment to B. Clark, of all the obligations and interest, which he held then by assignment, to which plea they joined issue. That this issue was tried by a jury, who found for Carr, and judgment rendered in his favor, whereby they were barred of their whole action. The proceedings were referred to as part of the bill.

That Clark had sued them on their obligation given to him, and obtained judgment at May term, 1834, in the same Court, for $774 56, debt, and interest at 10 per cent. per annum, from September 22, 1828, till paid.

The bill made full charges of fraud, and prayed a decree of $52 10 cents, with interest from Sept. 22, 1828, a perpetual and temporary injunction as to the judgment, and general relief.

The injunction was granted. Clark answered, at May term, 1835, admitting that complainants borrowed of Shelton, and gave their note or obligation, as stated. He denied ever having the note or obligation, by assignment or otherwise, or that they paid it off to him, as stated in the bill. He averred that, about the 8th of March, 1827, Clark & Oakley and himself accounted, and they were found in his debt $1030, or thereabouts, and, as collateral security, delivered to him four notes or bonds; one executed by Carr, with Edwards as his security, for $300, or thereabouts, and the three mentioned in the bill. That afterwards, and while he held the notes, Carr and Edwards, by Edward Johnson, paid off the $300 note, and it was delivered up to Carr. That he never secured any thing on the obligations.

That, about Sept. 22, 1828, Clark & Oakley requested him to deliver them the three obligations, and told him that they had been executed in consideration of a tract of land sold by them to Edwards and Carr. That they had given Edwards and Carr a bond to make title, and were unable to do it. That he gave up the obligations;

they accounted; Clark & Oakley fell in his debt $774 56, for which they gave him their obligation, mentioned in the bill. That the assignment of Carr and Edwards' note formed no part of the consideration. That he never represented to Clark & Oakley that Edwards and Carr were insolvent, and never requested them to take back the notes or obligations.

Admits that Clark & Oakley sued Edwards and Carr on the obligations, as stated; that the suits were consolidated; that Carr pleaded, as alleged; and that, on the trial, Carr had a verdict and judgment against the complainants; but alleged, that there were other pleas of payment to Clark & Oakley themselves, filed by Carr in the suit, on which issues were formed. That the case was tried on all the issues; and, as he is informed and believes, the verdict was not founded on the plea stated in the bill, or on evidence establishing these facts, but on evidence satisfying the jury that Clark & Oakley had failed to perform their contract with Edwards and Carr, and had cancelled the whole contract on which the obligations were founded. That he is unable to state, positively, on what premises the jury found, but expressly denies that Edwards and Carr ever paid him any thing on the obligations, and denies that he is bound by the verdict.

He admitted that he had sued and obtained judgment, and stated that, about April, 1830, and after the result of the suit against Edwards and Carr, Clark & Oakley agreed to confess a judgment on their obligation to him, and part of the papers were prepared for that purpose; but, before it was done, they agreed to pay him in time for him to pay a debt to Jesse Shelton, for which he had confessed, or was about to confess, judgment, and that he should delay paying Shelton until he should be coerced by law, and they would indemnify him; that they have, in part, indemnified him, but refuse to pay their debt to him.

He then continued with a demurrer to the bill, first, because he was not bound by the judgment in favor of Carr, and, second, for want of equity; and denied fraud.

Upon filing this answer, he moved to dissolve the injunction; the complainants filed their replication; and, the judge being interested, the case was continued.

Nothing further was done until the June term, 1838, when the motion to dissolve was overruled. At October term, 1839, the death of Oakley was shown, and his administrator, Finley, substituted as complainant.

At April term, 1840, the case was heard, on bill, answer, replication, and depositions. The whole evidence was, the depositions of Thomas Carr, Ephraim Myrick, and William McDonald.

Carr deposed that, about the 19th of December, 1826, he and Edwards executed three notes or obligations, to Clark & Oakley, one for $230, due Jan. 22, 1827, with interest from due, at 10 per centum per annum; one for $250, due October 15, 1827; and the other for $250, due May 1, 1827, each with like interest. That, some time afterwards, he learned that they had been assigned to B. Clark, and sent his agent, Wm. McDonald, to inquire of B. Clark if they had been assigned to him, and was informed by McDonald that they had been assigned by Clark & Oakley to Clark. That he afterwards sent Francis Holmes, as his agent, to make the like inquiry of B. Clark, and was informed by Holmes that they had been assigned, as he had before been informed.

That he was informed, and believes it to be true, that Edwards paid B. Clark, through the hands of Edward Johnson, jun., the whole amount of said obligations, except a trifle, after they had been assigned to B. Clark, but at what precise time, the witness could not state, from length of time and forgetfulness. He was so informed by B. Clark, through McDonald and Holmes. Never saw the obligations in Clark's possession, or conversed with him, personally, about them: never executed any note or obligation to Clark & Oakley than the three aforesaid. He stated that the same obligations had then been shown him, from the files of Hempstead Circuit Court. That he and Edwards were sued on them by Clark & Oakley, and he filed his plea of payment, and judgment was given in his favor, upon his separate plea of payment to B. Clark.

Myrick stated, that, on the 23d of September, 1828, B. Clark placed in his hads three obligations, (describing them particularly, as in Carr's deposition), all endorsed in blank by Clark & Oakley, and requested him to make a statement of the principal and interest then

due on them. That he made out and gave B. Clark such statement, (which statement was produced to him by Oakley, while giving his deposition, recognized, and annexed). That Oakley also produced, while he was giving his deposition, three obligations, from the files, which he identified and recognized as the same, the endorsement of Clark & Oakley being crossed with a pen. The statement referred to, is:

| | | |
|---|---:|---:|
| Edwards and Carr's note, due 22d day Jan., 1827, for | $230 | 00 |
| Interest at 10 per cent. to 22d Sept., 1828, | 38 | 33 |
| | $268 | 33 |
| Edwards and Carr's note, due 1st May, 1827, for | 250 | 00 |
| Interest at 10 per cent. to 22d Sept., 1828, | 35 | 00 |
| | $285 | 00 |
| Edwards and Carr's note, due 15th Oct., 1827, for | $250 | 00 |
| Interest at 10 per cent. to 22d Sept., 1828, | 23 | 33 |
| | $273 | 33 |
| | 285 | 00 |
| | 268 | 33 |
| Total,   -   -   -   -   -   - | $826 | 66 |
| Deduct for amount due John Clark, from Ben. Clark, | 52 | 10 |
| Endorsed " Edwards and Carr's notes, (a)." | $774 | 56 |

McDonald stated, that late in 1837, or early in 1838, he went as the agent of Carr to B. Clark, and inquired of him in what amount Carr was security for Edwards, on notes which Clark had got from Clark & Oakley. B. Clark showed him three notes, in which he, said Carr, was security for Edwards. The notes were endorsed in the hand-writing of Oakley; and were for such sums, that the aggregate, as marked in their books, amounted to $730. Clark told him that he had purchased them from Clark & Oakley; and, also, that Edwards had purchased for him (B. Clark) in New Orleans, groceries to the amount of $500, for which he (B. Clark) had become

Clark *vs.* Oakley's Adm'r & Clark.

endorser for Edwards, which sum was then unpaid; and that, if Edwards paid for the groceries, it was to be credited on the notes, and he had no doubt but Edwards would be able to pay it. He inspected the notes on file in the case of Clark & Oakley vs. Carr & Edwards, and identified them as the same.

Upon this state of the case, the Court made the injunction perpetual as to $500, part of the judgment, and as to all interest which would have accrued thereon as part of the judgment; and dissolved it as to the residue of $274 56, and all interest thereon; and also decreed the defendant $37 15 damages, and adjudged the costs against him. The defendant appealed.

After the transcript was filed in this Court, the appellees moved the Court to affirm the decree, because the transcript was not filed at least ten days before the term to which the appeal was taken. This motion was made on the transcript; no certificate of the Clerk below being produced.

*By the Court,* DICKINSON, J.

The statute (*see p.* 644, *sec.* 24,) which requires the transcript to be filed at least ten days before the first day of the Court to which the appeal was taken, in default of which, (unless upon cause shown), the appellee may, by producing the certificate of the Clerk of the Circuit Court that an appeal has been entered, have the judgment affirmed, has reference alone to cases where a recognizance has been given for the prosecution of the appeal, whereby the further proceeding in the Circuit Court is suspended.

In the case before us, no such recognizance was entered into; consequently, there is no reason why the judgment or decree should not be carried into effect. Besides, a party has no right to wait until the appellant shall file his transcript, and then, upon that transcript, move for an affirmation. If he desires an affirmation, he should procure the certificate of the Clerk below, that an appeal has been taken, and upon that evidence this Court is authorized to affirm, if no good cause to the contrary be shown.

*Fowler and Trimble,* for the appellant.

Clark *vs.* Oakley's Adm'r & Clark.

*Pike, Trapnall & Cocke,* contra.

*By the Court,* LACY, J.

The complainants seek to be relieved on the ground of fraud. All the material allegations of the bill are expressly denied by the answer, and the proof by no means supports the charge of fraud. The answer denies that the obligation sued on was given in consideration of the assigned notes of Edwards and Carr, or that the respondent ever received any payment upon them. The bill does not state in express and positive terms that these notes constituted the consideration of their obligation to the respondent, but it leaves a strong and almost unavoidable inference of that fact. There is no evidence whatever proving that the several notes of Carr and Edwards constituted the consideration of the complainants' bond to the defendant. This fact then is disproved by the answer. The other allegation upon which the respondent is sought to be charged is, that while he had Carr and Edwards' note in his possession by assignment, he received upon them the full amount of payment, which he failed to credit; and therefore, by his fraudulent representations, he induced John Clark and Oakley to take back these notes, and execute their own obligation in lieu of them; that the assignments were cancelled, and that they afterwards brought suit upon the notes; that upon the trial of the cause, Carr pleaded payment by Edwards to Benjamin Clark, and defeated their cause of action. The record in this suit is made part of the bill, but it was not produced, or offered to be read as evidence upon the hearing. This allegation is certainly not supported by the proof. The answer expressly and positively contradicts the whole of it. It states that the obligations of Carr and Edwards were delivered as collateral security, to secure the payment of John Clark and Oakley's obligation; that Carr and Edwards were not represented as insolvent; that he never received any thing from them except $300 upon Carr's individual note, upon which Edwards was security, and which was given up; and that he accounted to the complainants for that amount. He insists that the suit of Clark and Oakley against Carr and Edwards was tried upon several pleas joined—a plea of payment to Clark and Oakley themselves, and a failure upon their

part to execute their agreement with Carr and Edwards; and that upon the pleas and evidence adduced in support of them, a verdict and judgment were had, and not upon the plea of payment to himself. The testimony by no means establishes that the respondent, while he held the notes of Carr and Edwards in his hands, ever received payment upon them. Carr himself fails to prove that he ever paid any thing to B. Clark. He merely states that he believes Edwards paid all the obligations except a small balance. But how or in what manner Edwards made the payment, or at what time, is left wholly to conjecture. This loose statement of Carr's, then, establishes nothing. The statements of the other witnesses are equally vague and uncertain. McDonald only saw the notes in B. Clark's hands, and calculated the interest on them, and examined the assignments, which were in Oakley's hand-writing. These facts certainly do not show that the respondent received payment of or upon the notes; nor do they explain the nature or terms of the contract between the parties. Myrick states that Edwards had purchased $500 worth of groceries for Benjamin Clark, and Clark admitted that, should Edwards pay for them, he was to credit Carr and Edwards' notes, then in his possession, with that amount. There is no evidence that he paid for the groceries, or that Clark credited the $500 upon the note. This statement of the witness is a mere conversation with Benjamin Clark, which, from its indefiniteness, establishes nothing material as to the fact of payment. Again, it is made to depend upon a contingency, which is never proved to have happened. The answer then stands in full force, and it expressly disproves the allegations of the bill. Besides, the complainants have made the record in the case of John Clark and Oakley against Carr and Edwards a part of their bill; and although relying upon it to show payment to Benjamin Clark, while he held the notes of Carr and Edwards in his possession, they have failed to produce it, or read it in evidence upon the hearing. Whether or not, under any state of facts, it would be competent evidence to charge Benjamin Clark, we do not feel ourselves called on to determine. One thing, however, is certain, that having appealed to the record for proof of payment to Benjamin Clark, they cannot be permitted to establish it by

oral testimony; and in failing to produce it, the law raises the presumption that the production would have disproved the allegations of the bill. If it were possible that there could be any doubt upon the subject before, the non-production of the record not only disproves the allegation of payment stated in the bill, but it expressly affirms its denial in the answer, and overthrows the complainants' only ground of equitable relief.

Reversed, injunction dissolved, and bill dismissed.